UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:12-CV-136-KSF

LONNIE DWAYNE SWANGO                                                                                    PLAINTIFF

VS.                                             **OPINION AND ORDER**

MICHAEL J. ASTRUE                                                                                       DEFENDANT
COMMISSIONER OF SOCIAL SECURITY

\* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Summary Judgment to reverse the decision of the Commissioner denying benefits to Plaintiff [DE 10] and the Defendant's motion for Summary Judgment in support of the Commissioner's decision [DE 11]. Having been fully briefed, these motions are ripe for review under 42 U.S.C. § 405(g).

I.      **Factual Background and Procedural History**

Plaintiff filed an application for Social Security Disability Insurance benefits on February 26, 2009, claiming disability since April 15, 2008. After the claim was initially denied and upon reconsideration by the agency, Administrative Law Judge (ALJ) Gloria B. York issued a decision dated July 16, 2010, denying Plaintiff's claim. Tr. 16-30. The Appeals Council upheld that decision on January 24, 2012. Plaintiff timely pursued relief in this Court, and the case is now ripe for review.

Plaintiff was thirty-seven years old on the alleged disability onset date. He has a limited education (Tr. 36) and since 1995 has worked as a truck driver. Tr. 39, 40. After the 2008 onset date, Plaintiff was unable to continue this line of work, despite several attempts to do so. Tr. 36. For a short period between August and September 2009, he worked for a concrete company, and for another period between November 2009 and January 2010, he worked as a truck driver. Tr. 36, 37. Beginning in March 2010, Plaintiff worked four days per week as a truck driver. Tr.

37, 38.  Plaintiff alleged he could not work due to bilateral shoulder pain, generalized anxiety disorder, obstructive sleep apnea, kidney stones, and gout. Tr. 20, 128.

Plaintiff first reported right shoulder pain during 2006 and 2007 appointments with United Clinics of Kentucky. Tr. 22, 205-10, 213, 216-17.  He underwent a right shoulder surgery in October of 2006 (Tr. 22, 320-321), received further treatment in July 2007 (Tr. 227), and was diagnosed with right shoulder strain on April 28, 2008.  Tr. 22, 22-223.  In June 2008, Plaintiff complained of left shoulder pain (Tr. 22, 243-245), and soon thereafter was diagnosed with a left posterior labral tear. Tr. 22, 242.  Plaintiff received an injection to manage the pain that month (Tr. 22, 239), and later in 2008 underwent left shoulder arthroscopic labral repair surgery. Tr. 22, 237.  By January 2009, Plaintiff's treating physician reported that Plaintiff had made maximal improvement and was able to return to full time work. Tr. 22, 229.  In May 2009, Plaintiff underwent a second right shoulder surgery to address a right posterior labral tear. Tr. 23, 275-76.  In November 2009, Plaintiff reported increased pain in his right shoulder and was subsequently given two Decadron injections in November 2009 and January 2010. Tr. 23, 468.

Plaintiff also reported anxiety at the United Clinics of Kentucky in 2006.  Tr. 23, 211-218.  Dr. Nadeem Shaikh, M.D., diagnosed Plaintiff with an anxiety disorder in 2006 and prescribed Xanax. Tr. 23, 323-324.  Plaintiff was also treated by Dr. Edwin Santos, who prescribed Valium for generalized anxiety disorder. Tr. 23, 460.  Neither Dr. Santos nor Dr. Shaikh are mental health professionals.

Dr. David Atcher, M.D., a consulting psychiatrist, conducted a consultative psychological examination on Plaintiff on May 1, 2009. Tr. 20, 23, 24, 246-48.  Dr. Atcher indicated that Plaintiff had reported being withdrawn for the past two to three years, indicating poor energy and varying appetite. Tr. 246.  Plaintiff also reported having difficulty with concentration and memory, random anxiety attacks, depression and mood swings.  He denied hallucinations, delusional thinking or paranoia.  Dr. Atcher concluded that Plaintiff could not reliably carry through with complex tasks and directions due to anxiety and poor concentration.  He

diagnosed Plaintiff with a Global Assessment Score of 50 and generalized anxiety disorder. However, Dr. Atcher also noted that Plaintiff was cooperative, well groomed, and smiling. Plaintiff maintained normal speech and eye-contact throughout the interview. His thoughts were logical and goal directed. In Dr. Atcher's Capability Statement, he concluded that Plaintiff would likely be capable of managing funds if they were awarded.

Mary K. Thompson, Ph.D., acted as a non-examining psychologist and state agency consultant. She performed a Mental RFC Assessment on Plaintiff on May 13, 2009. Tr. 249-262, 263-66. Dr. Thompson found that Plaintiff was moderately limited in his ability to carry out detailed instructions, to maintain attention and concentration for extended periods, to act appropriately with the general public, and to respond appropriately to changes in the work setting. Tr. 259. Dr. Thompson noted that Dr. Atcher's opinion is "not supported by objective findings," that Plaintiff's statements are only partially credible given objective findings, and that the evidence is consistent with mild to moderate mental restrictions. Tr. 261.

Dr. Ilze Sillers, Ph.D., also acted as a non-examining psychologist and performed a Psychiatric Review Technique on Plaintiff on June 19, 2009. Tr. 294, 296, 298. Dr. Sillers did not find any marked or extreme limitations and, instead, found only a mild degree of limitation on activities of daily living, a moderate degree of limitation in maintaining social functioning, and a moderate degree of limitation in maintaining concentration. Tr. 308.

Based upon the above evidence, the ALJ found that Plaintiff suffered from severe impairments due to his bilateral shoulder pain and generalized anxiety disorder. Tr. 19. However, the ALJ found that the mental impairment imposed only a mild limitation on Plaintiff's ability to maintain the activities of daily living and his ability to maintain concentration, persistence and pace. Tr. 20. The ALJ also found that the mental impairments imposed moderate limitations in Plaintiff's social functioning, and thus did not meet the requirements of Section 12.06. Tr. 20. The ALJ concluded that Plaintiff has a residual functional capacity for a limited range of light work. Tr. 21.

3

Plaintiff claims that the ALJ erred because her decision does not reflect the substantial evidence in the record.

**II.     Analysis**

    A.     <u>Standard of Review</u>

"Disability is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Commissioner of Social Security*, 502 F.3rd 532, 541 (6th Cir. 2007); 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant has a compensable disability under the Social Security Act, the Commissioner must follow a five-step "sequential evaluation process." 20 C.F.R. § 404.1520(a)-(e); *Walters v. Commissioner of Social Security*, 127 F.3rd 525, 529 (6th Cir. 1997). Those five steps were summarized in *Walters* as follows:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

5. Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id.* "[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five." *Id.*

4

The Court is limited to determining whether substantial evidence supports the findings in the decision and whether the ALJ applied the correct legal standards. *See Wright v. Massanari,* 321 F.3d 611 (6th Cir. 2003). Substantial evidence is more than a scintilla; it is evidence that a reasonable mind might accept as adequate to support a conclusion. *See Cutlip v. Sec'y of Health and Human Servs,* 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* The fact that the record may also contain substantial evidence to support a conclusion different from that reached by the Secretary is irrelevant. *Crisp v. Secretary of H.H.S.*, 790 F.2d 450, 452 (6th Cir. 1986) (per curiam). In determining the existence of substantial evidence, the Court must examine the administrative record as a whole. *See Kirk v. Sec. Of H.H.S.,* 667 F.2d 524 (6th Cir.1981), cert. denied 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983).

      B.    <u>Whether the Commissioner's Decision That Plaintiff Is Not Disabled Is Supported by Substantial Evidence in the Record</u>

Plaintiff states that the ALJ erred because the decision does not reflect the substantial evidence on the record, but Plaintiff fails to point to any specific error in the ALJ's opinion.[1] Plaintiff does refer to the opinion by Dr. Atcher that Plaintiff has a GAF (Global Assessment of Functioning) Score of 50, indicating an inability to hold a job. Dr. Atcher opined that Plaintiff cannot reliably carry through with simple tasks and directions due to anxiety and poor

---

[1] Plaintiff also states that the ALJ erred because the ALJ made an unsupported claim that Mr. Swango was never treated for his anxiety. Tr. 20. Plaintiff argues that this is a clear and reversible error warranting remand. A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Here, the ALJ does state that Plaintiff was never treated for anxiety, but later in the opinion the ALJ describes appointments with United Clinics of Kentucky where Plaintiff received a prescription for Xanax from Dr. Shaikh for anxiety, and where he received a prescription for Valium by Dr. Santos for generalized anxiety disorder. Tr. 23. The ALJ noted Dr. Shaikh is Plaintiff's primary care physician, and treatment was limited to prescription medications, which Plaintiff no longer takes. Tr. 24. She also mentioned that Plaintiff has never been psychiatrically hospitalized and has failed to seek mental health care or counseling beyond the earlier prescriptions. Tr. 24. From this context, it is clear the ALJ carefully considered Plaintiff's treatment for anxiety at United Clinics of Kentucky. Any erroneous statement was not reversible error.

concentration and cannot reliably carry through with complex tasks and directions for the same reason.

The opinion of a consulting physician is not entitled to the deference of the opinion of a treating physician. *Barker v. Shalala*, 50 F.3d 789, 794 (1994). The ALJ cannot disregard opinions of a consulting physician that are favorable to the claimant, *Lashley v. Secretary of H.H.S.*, 708 F.2d 1048, 1054 (6th Cir. 1983), but she may reject the uncontradicted opinion of the consulting physician based upon the ALJ's interpretation of the findings and lay evidence. *See Crisp v. Secretary of H.H.S.*, 790 F.2d 450, 452 (6th Cir. 1986); *See also Fannin v. Secretary of H.H.S.,* No. 89-6564, 1990 WL 120957 at *4 (6th Cir. Aug. 21, 1990).

In *Crisp*, the only evidence of a psychological impairment was the claimant's own testimony and a psychological report completed after only one evaluation of the claimant. The psychologist concluded that the claimant was incapable of engaging in any substantial work activity, but the claimant's testimony regarding his daily activities and abilities did not reveal that he was disabled. The Court noted the claimant's testimony and the ALJ's opportunity to see the claimant in person and held that the ALJ's decision denying benefits was supported by substantial evidence.

Dr. Atcher was only a consulting psychiatrist and thus the ALJ may reject his opinion based upon her interpretation of the record.  Here, the ALJ permissibly considered the information in Dr. Atcher's report, but chose not to give Dr. Atcher's opinion any special significance because it was a one-time assessment that was both internally inconsistent and inconsistent with Plaintiff's minimal treatment for anxiety. Tr. 24.  For example, Dr. Atcher noted that during his examination, the claimant made eye contact throughout, and exhibited logical, goal-driven thoughts. Tr. 24.  His mood was observed as slightly depressed, but Plaintiff was cooperative and he smiled throughout the interview. Tr. 24.  Such behaviors are at odds with the severity of limitations reported by Dr. Atcher.

6

The ALJ also notes how Dr. Atcher's findings are also at odds with Plaintiff's testimony. Despite the allegations of disabling mental impairments, Plaintiff reports many activities. Tr. 24. He has never been psychiatrically hospitalized and has never sought mental health care or counseling. Tr. 24. Furthermore, Plaintiff has only received care in the form of prescription medication, which he no longer takes. Tr. 24. Finally, no treatment notes from any physician support Dr. Atcher's findings. Tr. 24.

Other evidence in the record from state agency psychologists reflected that the claimant's mental limitations were only relevant to a generalized anxiety disorder, showing mild limitations in daily activities and moderate limitations in social function and concentration. Tr. 24, 208. The ALJ found that those opinions were supported by the medical record and Plaintiff's testimony, and ultimately found that Plaintiff was only mildly limited in his ability to maintain concentration. Tr. 24.

Therefore, the Court finds that ALJ did not err by disregarding Dr. Atcher's opinion. The ALJ relied instead upon a large body of medical records and testimony to support her findings that, despite his physical and mental impairments, Plaintiff retains residual functional capacity for a limited range of light work. Substantial evidence on the record supports these findings of the ALJ which must be afforded deference.

### III. Conclusion

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

1. Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**.

2. The Commissioner's Motion for Summary Judgment [DE 11] is **GRANTED**.

3. Judgment consistent with this Opinion will be entered contemporaneously.

This April 8, 2013.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**